**STATE ex rel. Alis Ben JOHNS, Relator,**

v.

**The Honorable Greg KAYS, Respondent.**

No. SC 86936.

Supreme Court of Missouri, En Banc.

Jan. 10, 2006.

Janet M. Thompson, Donald Catlett, Charles D. Moreland, Office of the Public Defender, Columbia, for Relator.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Robert J. Ahsens, Asst. Attys. Gen., Jefferson City, William James Icenogle, Prosecuting Attorney, Camdenton, for Respondent.

PER CURIAM.

Alis Ben Johns was convicted of first degree murder and sentenced to death in Pulaski County. This Court affirmed that judgment. *State v. Johns*, 34 S.W.3d 93 (Mo. banc 2000). Johns then filed a post-conviction motion. The motion court de-

6. Obermiller's motions to dismiss the appeal and for appellate attorney fees are overruled.

termined that Johns was mentally retarded and, therefore, not eligible for the death penalty under *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), and *section 565.030*, RSMo 2000. The state did not appeal the motion court's judgment, which is now final.

Johns is now charged with first degree murder in Camden County. Relying on the prior finding that he is mentally retarded, Johns seeks to prohibit the state from seeking the death penalty in the Camden County case. The state is bound by the earlier judgment of mental retardation. The preliminary writ, as modified, is made absolute.

■ In deciding whether collateral estoppel applies, the following four factors are considered: (1) is the issue in the present case identical to the issue decided in the prior adjudication; (2) was there a judgment on the merits in the prior adjudication; (3) is the party against whom collateral estoppel asserted the same party or in privity with a party in the prior adjudication; and (4) did the party against whom collateral estoppel is asserted have a full and fair opportunity to litigate the issue in the prior suit. The doctrine applies only to those issues that were necessarily and unambiguously decided. *State v. Nunley*, 923 S.W.2d 911, 922 (Mo. banc 1996).

The Respondent acknowledges these factors exist in this case. Relying on *State v. Lundy*, he argues, nevertheless, that collateral estoppel also requires that a party seeking to take advantage of collateral estoppel must be bound by an adverse judgment in the prior adjudication. Such a reading of *Lundy* overlooks that that case involved different defendants and that case's acknowledgment that collateral estoppel generally does apply if the defendant is the same person in both cases.

*State v. Lundy*, 829 S.W.2d 54, 56 (Mo. App.1992).

■ In this case, the parties agree the factors stated in *Nunley* are present. *Lundy* does not add an additional requirement where the defendant is the same person in both cases.

■ Respondent also argues this case does not warrant the issuance of a writ because Johns is not yet subject to the death penalty because the prosecutor may waive the penalty or the jury may not impose the penalty. A writ is appropriate where a lower tribunal lacks the power to act as contemplated. *State ex rel. Riverside Joint Venture v. Missouri Gaming Com'n*, 969 S.W.2d 218, 221 (Mo. banc 1998). Whether the death penalty is available affects the preparation for trial and the conduct of the trial. For example, if the death penalty is not available, each party is entitled to three fewer peremptory challenges. *State v. Boston*, 910 S.W.2d 306, 312 (Mo.App.1995). As the death penalty cannot be imposed in this case, the trial court lacks the authority to act to honor these additional peremptory challenges or to otherwise treat the case as one in which the death penalty is sought.

The alternative writ is made absolute, as modified, to prohibit the state from seeking the death penalty in the underlying cause.

All concur.